N.C. GRANGE MUTUAL INSURANCE COMPANY AND AMERICAN HAIL MANAGEMENT, INC. v. THOMAS E. JOHNSON

No. 8010SC787

(Filed 7 April 1981)

**Insurance § 140.2– hail policy – other insurance clause**
    In an action to recover from defendant farmer the amount of a payment made by plaintiffs for hail damage to defendant's crops, there was no merit to

defendant's contention that the court should find either that the "other insurance clause" in the hail insurance policy was void as being against public policy, or that the second policy written by another insurance company should be held void, leaving the first policy in force.

APPEAL by defendant from *Preston, Judge.* Judgment entered 11 June 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 5 March 1981.

In this action the plaintiffs sued the defendant for damages for a claim paid by the plaintiffs to defendant on a policy of hail insurance. The plaintiffs moved for summary judgment. The pleadings and other papers filed in support and opposition to the motion for summary judgment showed that the following facts were not in dispute. The plaintiff, North Carolina Grange Mutual Insurance Company, issued a hail insurance policy to the defendant effective 21 May 1978 covering 70 acres of crops in Surry County. The policy contained the following provision:

OTHER INSURANCE

It is hereby agreed that if other insurance is written on the insured interest in the above described crops this Company will be notified in writing of the amounts of such other insurance, including Federal Crop Insurance Corporation Coverage.

It is further agreed that unless or until so notified of such other insurance the coverage under this policy shall be suspended.

On 7 June 1978 the defendant was issued a hail insurance policy by Fireman's Fund American Insurance Company on 20 acres of the 70 acres which the plaintiff had previously insured with Grange. The defendant did not notify the plaintiffs of the additional coverage. A portion of the 20 acres was damaged by hail and the plaintiffs paid the defendant $10,340.00 for this loss on 19 July 1975. The plaintiffs sued for the recovery of this payment.

Based on these undisputed facts the court granted the plaintiffs' motion for summary judgment. Defendant appealed.

*Young, Moore, Henderson and Alvis, by Walter E. Brock, Jr., for plaintiff appellee.*

*Franklin Smith for defendant appellant.*

WEBB, Judge.

The appellant contends that this Court should either find that the "other insurance clause" in the hail insurance policy is void as being against public policy or that the second policy written should be held void, leaving the first policy in force. The appellant bases his public policy argument on what he contends is the difference between fire insurance coverage and hail insurance coverage. He argues that fire insurance coverage involves a moral hazard, that is, that a person is likely to burn his property to collect the loss if it is overinsured. For that reason, the law allows "other insurance clauses" in fire insurance policies which should not be allowed in hail insurance policies because the insureds cannot control the falling of hail. We do not believe we should hold it is against public policy to prohibit parties to an insurance contract from inserting an "other insurance clause" in the contract if they desire to do so. We decline to hold that an "other insurance clause" in hail insurance policies is against public policy.

The appellant next contends that the second policy written contained an "other insurance clause" identical to the clause in the policy written by Grange. For this reason, the second policy was void ab initio. Since the second policy was void the first policy remained in effect. We believe the contract at issue in the case sub judice contemplated that if the defendant had a second hail insurance policy written on his crop, although that policy was void or voidable and did not notify the plaintiffs of the policy, the coverage on the first policy would be suspended. *See Insurance Co. v. Insurance Co.*, 49 N.C. App. 32, 270 S.E. 2d 510 (1980). There being no policy prohibiting the writing of such a clause, we believe we must enforce it as written.

Affirmed.

Judges HEDRICK and HILL concur.