JAMES W. LATTA v. FARMERS COUNTY MUTUAL FIRE INSURANCE COMPANY

No. 8311DC446

(Filed 3 April 1984)

**Insurance § 140.2— crop insurance—other insurance clause—summary judgment for defendant insurance company improper**

In an action in which plaintiff sought to recover premiums paid to defendant in which plaintiff alleged that defendant had been unjustly enriched by retaining premiums paid to provide insurance for plaintiff's tobacco crop when no risk attached under the policy, the trial court erred in granting summary

judgment for defendant and should have granted summary judgment for plaintiff. Defendant's evidence did not contest plaintiff's assertions that risk never attached under defendant's policy because plaintiff already had Federal Crop Insurance and because plaintiff never notified defendant of his Federal Crop Insurance, and no material issue of fact remained for trial.

APPEAL by plaintiff from *Lyon, Judge.* Judgment entered 29 November 1982 in HARNETT County District Court. Heard in the Court of Appeals 8 March 1984.

Plaintiff seeks to recover premiums paid to defendant, alleging that defendant has been unjustly enriched by retaining $1,584.00 in premiums paid to provide insurance for plaintiff's 1979 tobacco crop when no risk attached under the policy. In his complaint and affidavits, plaintiff asserts that he applied and paid for a policy of hail insurance with defendant. The application contained a statement to the effect that plaintiff had no other insurance on the crops covered in the application and that the application contained the following provision:

It is hereby agreed that if other insurance is written on the insured interest in the above described crops this Company will be notified in writing of the amounts of such other insurance, including Federal Crop Insurance Corporation Coverage.

It is further agreed that unless or until so notified of such other insurance the coverage under this policy shall be suspended.

Plaintiff was unaware of the "other insurance" clause in his contract suspending coverage of insureds who have or obtain Federal Crop Insurance coverage until notice of such other coverage is given to the insurer. Plaintiff further asserts that defendant knew plaintiff had Federal Crop Insurance, but failed to notify plaintiff of the effect of the "other insurance" clause.

Defendant, in its answer and supporting affidavits, asserts that plaintiff entered into the insurance contract voluntarily and was free to reject its terms if he wished. Defendant never cancelled the contract and was at all times "ready, able and willing" to perform, provided plaintiff complied with the terms of the agreement.

From the trial court's ruling, granting defendant's and denying plaintiff's motion for summary judgment, plaintiff appeals.

*Bain & Marshall, by Edgar R. Bain, for plaintiff.*

*Stewart and Hayes, P.A., by Gerald W. Hayes, Jr. and Joseph L. Tart, for defendant.*

WELLS, Judge.

Under N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure, ". . . summary judgment will be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.' " *Lowe v. Bradford,* 305 N.C. 366, 289 S.E. 2d 363 (1982) (citations omitted). The burden is upon the moving party to demonstrate that either (1) an essential element of the opposing party's claim is nonexistent, or (2) the opposing party will be unable to produce sufficient evidence to support an essential element of its claim. *Id.* "If the moving party meets this burden, the nonmoving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so." (Citations omitted.) *Id.*

We first consider the trial court's ruling granting summary judgment in favor of defendant. It is an established principle of insurance law that an insurer must return premiums where, without fault or fraud by the insured, no risk to the insurer ever attaches under the policy. In such a case, the premiums have been paid upon a consideration which has failed. 15 Appleman, *Ins. L. & P.* § 8358 (1944 & 1982 Supp.), 43 Am. Jur. 2d *Insurance* § 918 (1982 & 1983 Supp.). If risk attaches at any time but the policy is later cancelled or suspended, courts disagree whether a pro-rata refund of premiums is required. *Compare 6 Couch on Insurance* 2d, § 34:9 (1961 & 1983 Supp.), 43 Am. Jur. 2d *Insurance* §§ 386, 399 (1982 & 1983 Supp.).

In this case, plaintiff asserts that risk never attached under defendant's policy because plaintiff already had Federal Crop Insurance and because plaintiff never notified defendant of his Federal Crop Insurance. Defendant's burden in its motion for summary judgment was to demonstrate that no material issue of

fact remained concerning whether risk attached. This defendant failed to do. Defendant concedes in its brief that the effect of its "other insurance" clause is to suspend coverage until the insured notifies it of the existence of other insurance. *See also N.C. Grange Ins. Co. v. Johnson,* 51 N.C. App. 447, 276 S.E. 2d 469, *disc. rev. granted,* 303 N.C. 315, 281 S.E. 2d 652 (1981), *disc. rev. dismissed,* 304 N.C. 721, 285 S.E. 2d 812 (1982), holding that the presence of an "other insurance" clause renders that policy void ab initio where the insured has other insurance. Defendant has failed to produce a forecast of evidence tending to show that plaintiff did not possess Federal Crop Insurance when he applied for a policy with defendant, or that defendant was ever notified of plaintiff's Federal Crop Insurance, thereby enabling risk to attach under the contract. Defendant states only that the contract was never cancelled and that it was "ready, able and willing" to perform provided that plaintiff complied with the contract provisions. This argument is inapposite, since plaintiff seeks reimbursement on the grounds that risk never attached under the policy.

Defendant contends that plaintiff is trying unfairly to "have it both ways" by retaining the ability to choose either to (a) pay a premium, incur a loss, give notice of other insurance and collect under the policy or (b) pay a premium, incur no loss, give no notice and obtain a refund. This argument ignores the fact that under defendant's own interpretation of its "other insurance" clause defendant's liability does not attach until *after* it receives notice of an insured's other insurance. Because plaintiff failed to give defendant notice of his existing Federal Crop Insurance coverage, defendant was never at risk under its policy with plaintiff. For the reasons stated, we hold that the trial judge erred in granting summary judgment in favor of defendant.

We turn now to plaintiff's argument that the trial judge erred in denying plaintiff's motion for summary judgment. Once again, we agree with plaintiff. Plaintiff's forecast of evidence showed that risk never attached under the policy, and defendant failed to rebut this evidence. Therefore, no material issue of fact remained for trial. Because we hold that summary judgment should have been granted in favor of plaintiff, we need not reach plaintiff's other assignment of error.

The judgments of the trial court are reversed and this cause is remanded to the trial court with instructions for entry of summary judgment for plaintiff.

Reversed and remanded.

Judges ARNOLD and BRASWELL concur.