JOSEPH D. MIDULLA AND WIFE, CHERI MIDULLA, PLAINTIFFS V.
HOWARD A. CAIN CO., INC., DEFENDANT

No. COA98-527

(Filed 18 May 1999)

**Vendor and Purchaser— return of earnest money—unsatisfactory covenants and restrictions—good faith**

Summary judgment was properly granted for plaintiffs in an action to recover an earnest money deposit paid for the purchase of a residence where plaintiffs informed defendants that they were exercising an option to cancel the purchase contract because covenants and restrictions were unsatisfactory and because of problems with the drainage on the property. An addendum to the purchase contract specifically provided that plaintiffs' offer was contingent on a review of covenants and restrictions and, while plaintiffs had a duty to act in good faith, defendant offered no evidence of bad faith. Conclusory statements alone cannot withstand a motion for summary judgment. While there may have been a dispute concerning the condition of the drainage system, that fact was not material because the contract gave plaintiffs the discretionary power to cancel if they were not satisfied with the covenants and restrictions.

Appeal by defendant from order entered 12 February 1998 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 6 January 1999.

*Horack, Talley, Pharr & Lowndes, P.A., by D. Grier Martin, III and Robert B. McNeill, for plaintiffs-appellees.*

*Erwin and Bernhardt, P.A., by Fenton T. Erwin, Jr., for defendant-appellant.*

TIMMONS-GOODSON, Judge.

General contractor, Howard A. Cain Co., Inc. ("defendant"), appeals from an order granting summary judgment for Joseph D. Midulla and Cheri Midulla (collectively "plaintiffs"). For the reasons stated herein, we affirm the order of the trial court.

Defendant built a large single-family residence. Plaintiffs desired to purchase the house from defendant and communicated their offer using the standard North Carolina Bar Association—Real Estate

Commission Form ("Contract"). The parties also agreed to include several additional provisions as an Addendum to the Contract following lengthy negotiations. On 1 November 1996, defendant accepted the offer.

One of the additional provisions made the purchase contingent upon a "[r]eview of covenants and restrictions, the body of which are satisfactory to Buyer." Under another provision, defendant warranted "that there is no excessive water or unusual drainage under or around [the] house." The Contract required plaintiffs to provide a $20,000.00 deposit to defendant. The Contract, in paragraph 1 of the Standard provisions, provided that "in the event that any of the conditions hereto are not satisfied" then "the earnest money shall be returned to Buyer."

Following construction of the residence, plaintiffs investigated the drainage on the property and discovered large amounts of standing water and blockage in a catch basin in the front of the property. Plaintiffs then decided to have the drainage system professionally inspected. The inspector recommended changing the down spouts and the catch basin from corrugated piping to PVC piping.

Plaintiffs also reviewed the covenants and restrictions. Plaintiffs thought the covenants and restrictions were too restrictive. In particular, plaintiffs believed several provisions of the covenants and restrictions exposed them to the risk of becoming obligated for payments in which they had an inadequate voice in approving.

Plaintiffs then asked defendant to replace the drainage pipes and kitchen cabinets. Plaintiffs also informed defendant of their concerns regarding the covenants and restrictions. Defendant informed plaintiffs that the company would not pay for the replacement of the kitchen cabinets or for the PVC pipe around the exterior of the house.

On 7 November 1996, plaintiffs informed defendant that they were exercising their option to cancel the Contract because the covenants and restrictions were unsatisfactory and because of problems with the drainage on the property. Defendant did not believe plaintiffs were canceling the Contract because the covenants and restrictions were unsatisfactory. Defendant refused to return to plaintiffs the $20,000.00 earnest money deposit, believing that plaintiffs exercised their option to cancel the Contract only to avoid their contractual obligations.

Plaintiffs filed this action to recover their earnest money deposit. Plaintiffs filed a motion for summary judgment on 26 January 1998. On 10 February 1998 summary judgment was granted for plaintiffs by the trial court. Defendant now appeals the order.

———————————

The sole issue on appeal is whether the trial court erred in granting summary judgment for plaintiffs. Defendant asserts two bases for assigning error to the trial court's order of summary judgment: (1) a genuine issue of material fact existed regarding plaintiffs' right to cancel the Contract; and (2) a genuine issue of fact was present concerning the drainage problem. For the reasons stated herein, we affirm the order of summary judgment for plaintiffs.

First, defendant argues that plaintiffs were not entitled to judgment as a matter of law because plaintiffs violated their implied duty to act in good faith when reviewing the Contract's covenants and restrictions. Plaintiffs counter that, while they acted in good faith in canceling the Contract with defendant, North Carolina law does not imply a duty of good faith when to do so would rewrite the express agreement between the parties.

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c); *Toole v. State Farm Mut. Auto. Ins. Co.*, 127 N.C. App. 291, 294, 488 S.E.2d 833, 835 (1997). All of the evidence is viewed in the light most favorable to the non-moving party. *Garner v. Rentenbach Constructors, Inc.*, 129 N.C. App. 624, 627, 501 S.E.2d 83, 85 (1998). Once the moving party has met its burden, the non-moving party must "produce a forecast of evidence demonstrating that the [non-moving party] will be able to make out at least a prima facie case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

The right to contract is a property right which falls under the protection of the North Carolina and United States Constitutions. *Mark IV Beverage Inc. v. Molson Breweries USA*, 129 N.C. App. 476, 486, 500 S.E.2d 439, 446, *disc. review denied*, 349 N.C. 360, 515 S.E. 2d 705 (1998). Parties have the right to negotiate any type of contract as long as it is not contrary to law or public policy. *Fulcher v. Nelson*, 273 N.C. 221, 223, 159 S.E.2d 519, 521 (1968). When both parties consent to an enforceable contract each party is bound by its terms. *See*

**MIDULLA v. HOWARD A. CAIN, INC.**

[133 N.C. App. 306 (1999)]

*Knutton v. Cofield*, 273 N.C. 355, 160 S.E.2d 29 (1968). "Where a contract confers on one party a discretionary power affecting the rights of the other, this discretion must be exercised in a reasonable manner based upon good faith and fair play." *Mezzanotte v. Freeland*, 20 N.C. App. 11, 17, 200 S.E.2d 410, 414 (1973), *cert. denied*, 284 N.C. 616, 201 S.E.2d 689 (1974).

In the instant case, the Addendum to the Contract specifically provided that plaintiffs' offer was contingent on a "[r]eview of covenants and restrictions, the body of which are satisfactory to Buyer." Therefore, plaintiffs had the discretion to cancel the Contract if they were not satisfied with the covenants and restrictions governing the area where the property was located. However, plaintiffs also had a duty to act in good faith. Defendant's only evidence of plaintiffs' bad faith was in the affidavit of Howard A. Cain ("Cain"), defendant's President. In his affidavit, Cain stated that he did not believe that plaintiffs canceled the Contract because they found the covenants and restrictions unsatisfactory. Cain asserted that plaintiffs canceled the Contract to avoid their contractual obligations. Defendant offered no evidence of plaintiffs' bad faith, but merely conclusory statements regarding his version of the truth. It is well-established that conclusory statements standing alone cannot withstand a motion for summary judgment. *Butler v. Berkeley*, 25 N.C. App. 325, 332, 213 S.E.2d 571, 575 (1975). We conclude that the evidence offered by defendant at the summary judgment hearing was insufficient to survive a motion for summary judgment. This assignment of error is overruled.

Defendant next argues that the trial court erred in entering summary judgment for plaintiffs because there were material issues of fact regarding whether a drainage problem existed. Plaintiffs admit that there were issues of fact regarding the drainage conditions but they assert there were no disputed issues of fact regarding plaintiffs' dissatisfaction with the covenants and restrictions. We agree with plaintiffs.

While the record shows that there may have been a factual dispute concerning the condition of the drainage system, we conclude that this fact was not material. The pertinent issue *sub judice* is whether plaintiffs had the right to exercise their option to cancel the Contract. Therefore, we only need to examine whether the circumstances of the instant case allowed plaintiffs to exercise their rights to cancel the Contract. The Contract gave plaintiffs the discretionary power to cancel the Contract if they were not satisfied with the

covenants and restrictions. The record reflects that plaintiffs believed that "the covenants and restrictions exposed them to the risk of becoming obligated for payments in which they had an inadequate voice in approving." Under the terms of the Contract, this would be an adequate reason to cancel the Contract. As previously discussed, there was no evidence to support defendant's claim that plaintiffs' cancellation of the Contract was done in bad faith.

Because no genuine issue of material fact exists, we conclude that summary judgment was properly entered in favor of plaintiffs and affirm the order of the trial court.

Affirmed.

Judges LEWIS and WALKER concur.