**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1821

JOSEPH S. LEONE,

Plaintiff - Appellant,

v.

TYCO ELECTRONICS CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:08-cv-00290-F)

Argued: December 7, 2010            Decided: January 12, 2011

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Motz and Judge Agee joined.

Andrew O. Whiteman, HARTZELL & WHITEMAN, LLP, Raleigh, North Carolina, for Appellant. Gregory Phillip McGuire, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

KEENAN, Circuit Judge:

Joseph Leone brought this action against his former employer, Tyco Electronics Corporation (Tyco). Leone alleged that Tyco breached a contractual provision of its short-term disability policy by refusing to pay him short-term disability benefits from June 6, 2007 through December 5, 2007. Leone also alleged that Tyco's refusal to pay these short-term disability benefits violated the North Carolina Wage and Hour Act (the Act), N.C. Gen. Stat. §§ 95-25.1, et seq.

The district court granted summary judgment in favor of Tyco on both claims. On the breach of contract claim, the district court held that Tyco processed Leone's application in compliance with the short-term disability policy, and that Leone failed to produce evidence that Tyco's actions in denying the claim were unreasonable, unfair, or in bad faith. The district court also held that Leone failed to establish a claim for wages under the Act. We affirm.

I.

Between 1996 and 2006, Leone worked as a "mold maker" for Tyco. In November 2006, he filed a claim for short-term disability benefits. At that time, Leone was being treated for a bipolar disorder by Dr. Jason Crandell and for a sleep disorder by Dr. Baldwin Smith. On November 14, 2006, Tyco's

2

short-term disability administrator, Hoover Rehabilitation Services, Inc. (Hoover), informed Leone that his short-term disability claim had been approved effective November 7, 2006.

Leone returned to work without restrictions on May 1, 2007. One month later, however, he filed a new claim for short-term disability benefits. Upon receipt of Leone's application, Hoover's representative contacted Tyco's corporate medical director, Dr. Mark A. Bates, and asked him to review Leone's claim. After reviewing Leone's medical documentation and speaking with Dr. Smith, Dr. Bates recommended that Leone's claim be denied. According to Dr. Bates, the medical documentation did not substantiate any change in Leone's medical condition that would explain how Leone could have been disabled from working for almost six months, then able to work without restrictions for thirty-one days, and immediately thereafter be unable to work again. Hoover later informed Leone that Tyco had denied his claim for short-term disability benefits, and advised Leone of his appeal rights under Tyco's short-term disability policy.

Leone filed an appeal with Hoover challenging the denial of his claim. In support of his appeal, Leone enclosed records from Dr. Smith and a letter from Leone's wife. These documents were sent to Dr. Bates for review.

After receiving these documents, Dr. Bates contacted Dr. Smith to discuss Leone's condition. Based on Dr. Bates' review of the medical documents and his conversation with Dr. Smith, Dr. Bates informed Hoover of his opinion that although Leone had "some sort of sleep disturbance," there was no change in Leone's condition between the period that he was working without restriction and the time that he requested resumption of short-term disability benefits. Dr. Bates therefore recommended to Hoover that Leone's appeal be denied. On July 18, 2007, Hoover sent Leone a letter notifying him that his appeal had been denied.

After receiving Hoover's denial letter, Leone asked for the opportunity to submit additional documentation to support his claim. Hoover agreed and conducted a review of Leone's additional documentation, including Leone's physicians' letters. These letters were forwarded to Dr. Bates for further review of Leone's claim. When Dr. Bates again recommended that the claim be denied, Hoover informed Leone of the final denial of his claim for a resumption of short-term disability benefits.

On July 26, 2007, Tyco sent Leone a letter stating that his employment was terminated, effective June 6, 2007. Tyco stated that its decision was based on the fact that Leone had been absent from work since June 6, 2007, that his short-term

4

disability claim and appeal had been denied, and that he had exhausted his leave under the Family Medical Leave Act.

In June 2008, Leone filed an action against Tyco in Wake County Superior Court in North Carolina. In the complaint, Leone alleged that Tyco breached a contractual provision in the short-term disability policy by refusing to pay him short-term disability benefits. He also alleged that Tyco's refusal of his claim violated the Act.

Tyco removed the case to the federal district court and later moved for summary judgment on all of Leone's claims. The district court granted Tyco's motion for summary judgment on Leone's breach of contract claim, holding that "Leone proffered no evidence that Tyco's processing of his second [short-term disability] claim was anything other than compliant with Tyco's Policy." The district court also granted summary judgment to Tyco on Leone's claim under the Act, concluding that Tyco did not owe Leone wages after the effective date of his termination. Leone filed a timely an appeal in this court challenging the district court's judgment.

II.

We review an award of summary judgment de novo. Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr., 594 F.3d 285, 290 (4th Cir. 2010). Under this standard, summary judgment

5

is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

We first address Leone's argument that Tyco breached its contract by refusing to pay Leone short-term disability benefits. The parties agree that we apply North Carolina law to this breach of contract claim.[*]

Under North Carolina law, Tyco's short-term disability policy is a unilateral contract in which Tyco offered its employees an opportunity to apply for and to receive short-term disability benefits. See White v. Hugh Chatham Mem'l Hosp., Inc., 387 S.E.2d 80, 81 (N.C. Ct. App. 1990); Hamilton v. Memorex Telex Corp., 454 S.E.2d 278, 282-83 (N.C. Ct. App. 1995). A Tyco employee accepts that offer by entering or maintaining employment. See White, 387 S.E.2d at 81.

North Carolina law provides that a contract is construed as a whole, and that individual clauses are construed in their context. Sec. Nat'l Bank v. Educators Mut. Life Ins. Co., 143

---

[*] The parties agree that Tyco's short-term disability policy is not governed by the Employee Retirement Income Security Act (ERISA) because the policy falls within the "payroll practices" exception to ERISA's coverage. See 29 C.F.R. § 2510.3-1(b)(2).

S.E.2d 270, 275 (N.C. 1965). If a contract provides a party "discretionary power affecting the rights of others," then that party must exercise its discretionary power "in a reasonable manner based upon good faith and fair play." Mezzanotte v. Freeland, 200 S.E.2d 410, 414 (N.C. Ct. App. 1973). A contract confers "discretionary power" when the contract language provides one party with the right to exercise its sole judgment. See Midulla v. Howard A. Cain Co., 515 S.E.2d 244, 246 (N.C. Ct. App. 1999).

We consider the plain language of the short-term disability contract. See Holshouser v. Shaner Hotel Group Props. Ltd. P'ship, 518 S.E.2d 17, 18 (N.C. Ct. App. 1999). The stated purpose of Tyco's short-term disability policy is to "establish the procedure to determine an employee's eligibility to receive Short-Term and Long-Term Disability Benefits for non-occupational illness/injury." The policy defines a "Short Term Disability" as "a condition that renders an employee incapable of performing the required duties of his/her occupation . . . due to non-occupational injury or illness." The policy states that a short-term disability benefit "may" be available to an employee who has a short-term disability.

The policy includes a section entitled "Short-Term Disability Procedure." In that section, the policy explains that an employee must notify his supervisor when he is unable to

7

work due to an illness or injury.  The policy further details the responsibilities of the supervisor in contacting the short-term disability "vendor."  According to the policy, the vendor is responsible for contacting the employee and the employee's medical provider to verify the employee's medical information.

The procedure section of the policy also explains the various requirements imposed after the approval or denial of an employee's disability claim.  For example, if a claim is approved, the employee must provide medical updates to the vendor on a regular basis.  However, if the disability claim is denied, the employee must return to work immediately or appeal the denial of the claim within fourteen days.

A "disclaimer" is provided at the end of the policy.  The disclaimer states that "[t]he Vice President of Human Resources, or designee, whose decision shall be final, shall make any interpretation(s) of, or exception(s) to [the] policy."

The plain language of Tyco's policy demonstrates that the policy does not guarantee that an employee will receive short-term disability benefits if the employee meets the policy's requirements for establishment of a short-term disability. Instead, the policy merely provides that short-term disability benefits "may" be available to an employee who has a short-term disability.  This language also must be construed in light of other policy provisions, including the disclaimer and the

8

statement that a claim may be "approved" or "denied."  See Sec. Nat'l Bank, 143 S.E.2d at 275.

These provisions, when viewed together, provide employees alleging a disability with the right to file a claim for benefits, and with an established claims procedure that allows Tyco the right to exercise its judgment when reviewing claims made under the policy.  This policy language provides Tyco with "discretionary power" to approve or deny claims.  See Mezzanotte, 200 S.E.2d at 414.  An employee's right to short-term disability benefits therefore is contingent upon Tyco's exercise of its discretionary power.

We are not persuaded by Leone's argument that Tyco lacks discretionary power to approve or deny benefit claims because such power is not stated expressly in the policy.  In advancing this argument, Leone exclusively relies on court decisions involving claims brought under the Employee Retirement Income Security Act (ERISA).  See Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 268-69 (4th Cir. 2002); Herzberger v. Standard Ins. Co., 205 F.3d 327, 331-32 (7th Cir. 2000).  These ERISA cases, which reflect the fiduciary relationship of an employer to its employees in certain contexts not applicable here, are not relevant to our breach of contract analysis.  See Griggs v. E.I. Dupont De Nemours & Co., 237 F.3d 371, 379-80 (4th Cir. 2001) (discussing the responsibilities of a fiduciary

9

under ERISA).  As explained above, we reach our conclusion concerning Tyco's contractual authority upon consideration of the plain language of the entire policy.

We also observe that, under North Carolina contract law, Tyco was required to exercise its discretionary power "in a reasonable manner based upon good faith and fair play." Mezzanotte, 200 S.E.2d at 414.  The evidence in the record shows that Tyco acted reasonably in reviewing Leone's second claim for short-term disability benefits.  Tyco referred Leone's claim to Dr. Bates for multiple reviews, considered Leone's appeal and additional documentation, and relied on Dr. Bates' various recommendations to deny Leone's claim.  Additionally, Leone has not presented any evidence that Tyco failed to exercise its discretionary power in a reasonable manner.  Therefore, we hold that the district court did not err in granting summary judgment to Tyco on Leone's breach of contract claim.

IV.

Leone next challenges the district court's decision awarding summary judgment to Tyco on Leone's claim for wages under the Act.  The relevant provision of the Act states that employers must pay "all wages and tips accruing to the employee on the regular payday."  N.C. Gen. Stat. § 95-25.6.  The Act further provides that "[e]mployees whose employment is

10

discontinued for any reason shall be paid all wages due." N.C. Gen. Stat. § 95-25.7.

The Act defines "wages" as "compensation for labor or services rendered by an employee." N.C. Gen. Stat. § 95-25.2(16). The Act states that a "wage" includes "sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments." N.C. Gen. Stat. § 95-25.2(16).

The Act does not require that an employer have a policy providing wage-related benefits. Narron v. Hardees Food Sys., Inc., 331 S.E.2d 205, 207 (N.C. Ct. App. 1985). However, if the employer decides to offer wage-related benefits, then the Act requires, among other things, that an employer notify its employees of the benefits policy, inform its employee of the conditions that must be met to earn the benefits, and provide the benefits due when the employee performs the work required to earn the benefits. Id.

Even if we assume, without deciding, that short-term disability benefits are considered wage-related benefits payable as "wages" under the Act, we conclude that Leone does not have a valid claim under the Act. Tyco's policy did not guarantee short-term disability benefits to disabled employees. Under the language of the policy, a claim for benefits accrues after Tyco approves an employee's benefits claim. Leone's final claim for

11

short-term disability benefits was not approved by Tyco and, thus, Leone never accrued short-term disability benefits for that later time period. See Moses Cone Mem'l Health Servs. Corp. v. Triplett, 605 S.E.2d 492, 496 (N.C. Ct. App. 2004). Therefore, we conclude that the district court did not err in awarding summary judgment to Tyco on Leone's claim for wages under the Act.

For these reasons, we affirm the district court's award of summary judgment to Tyco.

AFFIRMED