**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1136

JIANGMEN KINWAI FURNITURE DECORATION CO. LTD,

Plaintiff – Appellant,

v.

IHFC PROPERTIES, LLC;  ZUO MODERN CONTEMPORARY, INC.,

Defendants – Appellees,

and

SCOTT ECKMAN; JULIE MESSNER; SHARISSE CUMBERBATCH; RICHARD KRAPFEL; IMC MANAGER LLC; IMC OP LP; AND INTERNATIONAL MARKET CENTERS LP,

Movants – Appellees,

and

MARK SILVER,

Movant.

No. 18-1137

JIANGMEN KINWAI FURNITURE DECORATION CO. LTD,

Plaintiff – Appellant,

v.

IHFC PROPERTIES, LLC,

> Defendant – Appellee,

and

ZUO MODERN CONTEMPORARY, INC.,

> Defendant,

and

SCOTT ECKMAN; JULIE MESSNER; SHARISSE CUMBERBATCH; RICHARD KRAPFEL; IMC MANAGER LLC; IMC OP LP; AND INTERNATIONAL MARKET CENTERS LP,

> Movants – Appellees,

and

MARK SILVER,

> Movant.

---

**No. 18-1177**

---

JIANGMEN KINWAI FURNITURE DECORATION CO. LTD,

> Plaintiff – Appellee,

v.

IHFC PROPERTIES, LLC,

> Defendant – Appellant,

and

ZUO MODERN CONTEMPORARY, INC.,

2

Defendant,

v.

MARK ADAM SILVER; SCOTT ECKMAN; JULIE MESSNER; SHARISSE CUMBERBATCH; RICHARD KRAPFEL; IMC MANAGER LLC,

Movants.

---

Appeals from the United States District Court for the Middle District of North Carolina at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:14-cv-00689-NCT-JLW)

---

Submitted: February 19, 2019                                    Decided: June 24, 2019

---

Before WILKINSON, KEENAN, and RICHARDSON, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Venus Y. Springs, SPRINGS LAW FIRM PLLC, Charlotte, North Carolina; Herman Kaufman, HERMAN KAUFMAN, ESQ., Old Greenwich, Connecticut, for Appellant/Cross-Appellee. Andrew S. Lasine, KEZIAH GATES, LLP, High Point, North Carolina, for Appellees/Cross-Appellants IHFC Properties, LLC, Scott Eckman, Julie Messner, Sharisse Cumberbatch, Richard Krapfel, IMC Manager LLC, IMC OP LP, and International Market Centers LP. John C. Kirke, DONAHUE FITZGERALD LLP, Oakland, California; Scott F. Wyatt, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellee Zuo Modern Contemporary, Inc.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Twice a year, the International Home Furnishings Center in High Point, North Carolina, hosts a market where furniture manufacturers display their wares for commercial buyers. Jiangmen Kinwai Furniture Decoration Co. Ltd. ("JK Furniture") leased a showroom at the Center from IHFC Properties, LLC ("IHFC"). The lease permitted IHFC, in its sole discretion, to move JK Furniture to a different showroom of equivalent size and value on the premises. Zuo Modern Contemporary, Inc. ("Zuo"), one of JK Furniture's competitors, asked to take over JK Furniture's showroom; IHFC agreed and moved JK Furniture to a different location. Rather than accept its new showroom, JK Furniture filed this lawsuit, seeking a preliminary injunction. When the district court denied the injunction, JK Furniture refused to pay rent to IHFC and ultimately leased a showroom from a different landlord, all the while continuing to seek damages from IHFC. IHFC filed a counterclaim for unpaid rent.

At summary judgment, the district court ruled against JK Furniture on its claims. The court also ruled for IHFC on its counterclaim and awarded it unpaid rent plus interest. JK Furniture appeals the judgment against it as well as various other rulings by the district court; IHFC cross-appeals on the limited ground that the district court used the wrong interest rate in calculating the size of the award on its counterclaim. We affirm the district court in all respects but one: we agree with IHFC about the interest rate.

Providing IHFC with broad discretion in allocating space, the lease reads:

> Lessee acknowledges and agrees that it is essential to the orderly and efficient operation of the Home Furnishings Center by IHFC that IHFC have the right from time to time to

4

relocate lessees in order to achieve optimum utilization of all space in the Home Furnishings Center. Consequently, IHFC shall have the *absolute right* to relocate Lessee as provided in this Section if IHFC determines *in its sole discretion* that relocation of Lessee is in the best interest of the Home Furnishings Center in the conduct of its business. IHFC shall exercise its right to relocate Lessee in the following manner: (a) the premises to which Lessee is to be relocated (the "New Premises") shall be selected by IHFC and shall be equivalent to or greater than the original Premises in size and value (*all as determined by IHFC in its sole discretion*); (b) IHFC shall notify Lessee of its intent to relocate Lessee within a time period prior to the commencement of the next Market such that the Lessee has a reasonable period of time (*as determined by IHFC in its sole discretion*) to refixture, redecorate, and prepare to show at that Market and identify the New Premises, . . . (d) all alterations, additions and improvements to the original Premises shall become property of IHFC, . . . [and] (f) IHFC, at its expense, shall move Lessee's property to the New Premises . . . .

J.A. 52 (emphases added). While JK Furniture asserts several different causes of action, they all rest on the fundamental allegation that IHFC violated this provision. IHFC allegedly provided JK Furniture with a new showroom that was not equivalent in size and value to the old one, failed to use due care when disassembling the furniture in JK Furniture's old showroom and moving it to the new showroom, and did not give JK Furniture enough time to prepare its new showroom for the upcoming market.

The district court properly granted summary judgment for IHFC and Zuo on JK Furniture's claims, because JK Furniture did not adduce evidence showing that IHFC breached its obligations under the lease. Under North Carolina law, when one party has sole discretion under a contract, it may use that discretion so long as it does not violate its implied duty of good faith and fair dealing. *See Leone v. Tyco Elecs. Corp.*, 407 F.

5

App'x 749, 751 (4th Cir. 2011) (citing *Midulla v. Howard A. Cain Co.*, 515 S.E.2d 244, 246 (N.C. Ct. App. 1999); *Mezzanotte v. Freeland*, 200 S.E.2d 410, 414 (N.C. Ct. App. 1973)). The undisputed evidence shows a good faith business purpose underlying IHFC's conduct: there was unused, empty space behind JK Furniture's showroom; Zuo proposed to expand the showroom and use the empty space, while paying more than JK Furniture per square foot; and IHFC would earn substantial extra rent by accepting Zuo's proposal and moving JK Furniture to a new showroom. JK Furniture points to no evidence that IHFC lacked good faith in determining that JK Furniture's new showroom was at least equivalent to the old showroom in size and value. Similarly, to the extent that JK Furniture challenges the timing of IHFC's decision, there was no evidence that IHFC lacked good faith in determining that JK Furniture had adequate time to prepare its new showroom for the upcoming market; if anything, the evidence suggests that JK Furniture was not ready because it chose to resist the move rather than act promptly.[1]

In short, IHFC did not violate the lease. Rather, IHFC acted exactly as the lease contemplated, exercising its discretion in good faith in order to achieve "optimum utilization of all space" in the Center. That also means Zuo cannot be held liable for inducing a breach of the lease.

---

[1] Nor has JK Furniture drawn to our attention a genuine issue of material fact supporting its claim that IHFC unlawfully damaged its furniture. JK Furniture has identified only limited evidence of damage, consisting largely of a few pictures of furniture with scuff marks and dust. JK Furniture has pointed us to no evidence that this damage went beyond incidental wear and tear of the sort that often occurs when moving furniture. And JK Furniture has failed to explain how this violated the lease.

JK Furniture raises a host of procedural issues about the pleadings, discovery, and other matters. Many relate to JK Furniture's misguided efforts to turn this case, a straightforward lease dispute, into litigation about IHFC's corporate structure. For example, JK Furniture sought to file an amended complaint that pierced IHFC's corporate veil to reach its parent companies. The district court granted leave to amend in part while properly denying JK Furniture's request to add the parent companies as defendants. JK Furniture then filed an amended complaint with new allegations the district court did not permit. The court struck the complaint, and JK Furniture never sought to file another amended complaint that complied with the court's orders.[2] JK Furniture also attempted to issue subpoenas to IHFC's corporate affiliates and, somewhat astonishingly, the U.S. Securities and Exchange Commission. And it made related arguments about standing and the competency of witnesses that were meritless and, in at least one instance, frivolous.

We see no need to address these procedural issues in detail, because they are mere distractions that do nothing to save JK Furniture's case on the merits. They remain

---

[2] JK Furniture argues that the district court erred in striking the complaint because it did not contain "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But Rule 12(f) is not the only basis for striking a complaint. A district court may also strike a complaint filed without leave of the court in violation of Rule 15(a)(2). In this case, the district court's decision to strike the entire complaint, not just the unauthorized allegations, was admittedly harsh. However, the district court did not prohibit JK Furniture from filing another amended complaint that complied with its orders. JK Furniture simply never tried to do so. Furthermore, the new allegations about IHFC's corporate affiliates had at least a whiff of bad faith about them. Thus, the district court did not exceed its discretion.

relevant only because JK Furniture's conduct in litigating these issues led the district court to contemplate sanctions against JK Furniture and one of its lawyers, Venus Springs. The court required JK Furniture and Springs to pay modest attorney's fees arising from their subpoenas, which sought irrelevant documents and testimony. The district court also found that Springs had made a frivolous argument in a motion, but it ultimately did not impose sanctions on that ground, in part because it granted Springs what it termed "the benefit of an inference of incompetence"—that is, it inferred that incompetence, not bad faith, brought about the frivolous argument in Springs's filings. J.A. 2982. Unsurprisingly, Springs does not find this inference so beneficial. She claims that, even though the district court did not issue a formal sanction against her, its findings were so harmful to her professional reputation that they constituted a public censure. Both she and JK Furniture appeal.

We find no error in the district court's rulings on sanctions and fees. We note that Springs has done herself no favors through her filings on appeal, which contain misstatements of law and make unwarranted accusations against opposing counsel.

The district court also properly granted summary judgment for IHFC on its counterclaim for unpaid rent. JK Furniture stopped paying the rent it owed after IHFC decided to move its showroom. And it has not raised a genuine issue of material fact about the amount of unpaid rent. However, the district court misinterpreted the lease provision concerning interest for unpaid rent. The lease provides for interest "at the lower of one and one-half percent (1-1/2%) per month or the maximum lawful rate." J.A. 388. The district court held "maximum lawful rate" to mean the "legal rate" of eight

8

percent per year provided by N.C. Gen. Stat. § 24-1. Yet this interpretation improperly read the word "maximum" out of the lease. In context, the term "maximum lawful rate" means the limit, if any, imposed by North Carolina usury law. North Carolina usury law does not limit interest provided for in a lease. *Beau Rivage Plantation, Inc. v. Melex USA, Inc.*, 436 S.E.2d 152, 156 (N.C. Ct. App. 1993). IHFC was therefore entitled to the full 1.5% monthly interest rate. Accordingly, we vacate the award of interest to IHFC and remand to the district court for the sole purpose of recalculating the interest owed and revising the judgment accordingly.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*