HAROLD E. LOWE v. JAMES L. BRADFORD AND WIFE, JOY S. BRADFORD

No. 157A81

(Filed 30 March 1982)

1. **Rules of Civil Procedure § 56.4— opposition to motion for summary judgment — conclusory allegations insufficient**

   G.S. 1A-1, Rule 56(e) precludes any party from prevailing against a motion for summary judgment through reliance on conclusory allegations unsupported by facts.

2. **Easements § 8— tenants in common in easement—alterations by one tenant**

   An owner in common in an easement is not entitled to make alterations which will make the easement appreciably less convenient to a co-tenant.

3. **Easements § 8.4— interference with use of easement—summary judgment for defendant**

   In an action to recover damages for the decline in market value of plaintiff's lot allegedly caused by defendants' construction of a driveway over an access easement shared by the parties as tenants in common, summary judgment was properly entered for defendants where defendants presented evidence that the driveway did not restrict plaintiff's use of the easement for access to his lot and did not diminish the fair market value of the lot, and plaintiff responded by filing an affidavit which contained only conclusory allegations but gave no specific facts to show how the driveway has interfered with use of his easement or how it has impaired the value of his lot.

ON appeal as a matter of right pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals, 54 N.C. App. 319, 283 S.E. 2d 410 (1981), one judge dissenting, reversing the trial court's entry of summary judgment in favor of defendants. The trial court order was entered by *Davis, Judge,* on 15 October 1980 in Superior Court, DAVIDSON County.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for plaintiff.*

*Ted S. Royster, Jr., for defendants.*

CARLTON, Justice.

The sole question presented by this appeal is whether the trial court properly allowed defendants' motion for summary judgment.

## I.

Plaintiff filed suit on 17 June 1980 to recover damages for the decline in market value of his property allegedly caused by defendants' interference with plaintiff's use, benefit and enjoyment of an easement appurtenant to his land. Plaintiff and defendants own adjoining lots in the Sapona Subdivision in Davidson County. Their lots are located on Indian Wells Circle. Although defendants' lot fronts on Indian Wells Circle, access is provided to that street across an unpaved cul-de-sac, which is the sole means of access to plaintiff's lot. The cul-de-sac also provides access to another lot which is not involved in this suit. Plaintiff's lot lies between the others, and it has no direct frontage on Indian Wells Circle. Each of these lots was sold with an easement appurtenant in the cul-de-sac. This unpaved semi-circular area is not a cul-de-sac in the normal usage of that term because it is not located at the end of a street. Instead, it is located on the side of a paved street and was obviously designed, due to the peculiar triangular shape of the lots, to provide better access for all three lot owners to the paved street.

Sometime during the summer of 1979 defendants had constructed across the cul-de-sac a sixteen-foot wide concrete driveway which connected their lot with Indian Wells Circle. Defendants did not obtain plaintiff's consent before constructing the driveway, and plaintiff alleged that the concrete driveway deprived him of his use of the easement and, therefore, his access to his lot and rendered his lot worthless. He prayed for damages in the amount of the fair market value of the lot before the driveway was constructed and asked that defendants be enjoined from obstructing the easement.

Defendants' answer admitted construction of the driveway across the cul-de-sac but alleged that the cul-de-sac had been dedicated to public use. Defendants denied that their driveway restricted plaintiff's access to his lot or caused a diminution in the value of plaintiff's lot. Defendants also claimed that plaintiff's suit was a "spite action" filed against them to retaliate for their refusal to buy plaintiff's lot.

Defendants filed a motion for summary judgment and averred in a supporting affidavit that no obstruction to plaintiff's access to his lot resulted from paving of the driveway because any

portion of the driveway located in the cul-de-sac was dedicated to public use and plaintiff had the same use of the cul-de-sac and that portion of the driveway in the cul-de-sac as defendants, and that plaintiff had suffered no damages. Defendants also submitted the affidavits of two experienced realtors who averred that no damage to plaintiff's lot resulted from the construction of the driveway.

Plaintiff also moved for summary judgment. Plaintiff filed an affidavit which repeated in substance the allegations of his complaint: (1) that the driveway is constructed across the cul-de-sac and has decreased and restricted his access from the street to the extent that he does not have reasonable and adequate access to his property and (2) that due to the lack of access his lot is practically worthless. Other affidavits submitted by plaintiff concerned the location of the driveway and whether the cul-de-sac had been dedicated to public use.

On the basis of the pleadings and affidavits submitted in support of the summary judgment motions, the trial court found that no genuine issue of material fact existed and that defendants were entitled to judgment as a matter of law and allowed defendants' motion for summary judgment. Plaintiff appealed to the Court of Appeals. That court, in an opinion by Judge Hill in which Judge Whichard concurred, reversed the entry of summary judgment and remanded for trial. The majority believed that plaintiff had "forecast a genuine issue of material fact as to the change in access and its attendant effect upon the value of plaintiff's lot." Judge Hedrick dissented. He noted that plaintiff's forecast of evidence contained no allegations or evidence of *specific* facts "as to how the concrete driveway . . . interferes with plaintiff's use of the easement." Judge Hedrick concluded, therefore, that the general allegation that the driveway interfered with plaintiff's use of the cul-de-sac was insufficient to create a genuine issue as to a material fact. We agree with Judge Hedrick and reverse.

II.

Rule 56(c) of the North Carolina Rules of Civil Procedure provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that any party is entitled to judgment as a matter of law."

The purpose of the rule is to eliminate formal trials where only questions of law are involved. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). The procedure under the rule is designed to allow a preview or forecast of the proof of the parties in order to determine whether a jury trial is necessary. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). Put another way, the rule allows the trial court "to pierce the pleadings" to determine whether any genuine factual controversy exists. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense. *Bone International, Inc. v. Brooks*, 304 N.C. 371, 283 S.E. 2d 518 (1981).

A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Generally this means that on "undisputed aspects of the opposing evidential forecast," where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. 2 McIntosh, *North Carolina Practice and Procedure* § 1660.5, at 73 (2d ed. Supp. 1970). If the moving party meets this burden, the nonmoving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so. *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 271 S.E. 2d 54 (1980); *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. at 470, 251 S.E. 2d at 421-22; *Zimmerman v. Hogg & Allen*, 286 N.C. at 29, 209 S.E. 2d at 798. If the moving party fails to meet his burden, summary judgment is improper regardless of whether the opponent responds. 2 McIntosh, *supra*. The goal of this procedural device is to allow penetration of an unfounded claim or defense before trial. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

[1] If the moving party satisfies its burden of proof, then the burden shifts to the non-moving party to "set forth *specific facts*

showing that there is a genuine issue for trial." Rule 56(e), Rules of Civil Procedure (emphasis added). The nonmoving party "may not rest upon the mere allegations of his pleadings." *Id.*

Subsection (e) of Rule 56 does not shift the burden of proof at the hearing on motion for summary judgment. The moving party still has the burden of proving that no genuine issue of material fact exists in the case. However, when the moving party by affidavit or otherwise presents materials in support of his motion, it becomes incumbent upon the opposing party to take affirmative steps to defend his position by proof of his own. If he rests upon the mere allegations or denial of his pleading, he does so at the risk of having judgment entered against him. The opposing party need not convince the court that he would prevail on a triable issue of material fact but only that the issue exists. *See* Shuford, *N.C. Civil Practice and Procedure,* § 56-9 (2d ed. 1981). *However, subsection (e) of Rule 56 precludes any party from prevailing against a motion for summary judgment through reliance on conclusory allegations unsupported by facts. Nasco Equipment Co. v. Mason,* 291 N.C. 145, 152, 229 S.E. 2d 278, 283 (1976). And, subsection (e) clearly states that the unsupported allegations in a pleading are insufficient to create a genuine issue of fact where the moving adverse party supports his motion by allowable evidentiary matter showing the facts to be contrary to that alleged in the pleadings.

[2]   In the case at bar plaintiff alleged that he and defendants were tenants in common in an easement appurtenant to their lots and that defendants had interfered with his use of the easement. An owner in common in an easement is not entitled to make alterations which will make the easement appreciably less convenient to a co-tenant. 25 Am. Jur. 2d *Easements and Licenses* § 88 (1966). Each owner in common is entitled to free use and may not act so as to obstruct a co-tenant's use. 28 C.J.S. *Easements* § 96 (1941). Defendants admitted the construction of the driveway over the cul-de-sac. They denied, however, that the driveway restricted plaintiff's use of the cul-de-sac, that it in any way deprived plaintiff of access to his lot and that the driveway had caused any decrease in the fair market value of plaintiff's lot.

[3]   In support of their summary judgment motion, defendants submitted affidavits averring that the driveway did not restrict

plaintiff's access, that the driveway was available for plaintiff's use and, through the affidavits of two experienced realtors, that the fair market value of plaintiff's lot had not been diminished by construction of the driveway. Exhibits given the trial court showed that the driveway caused no restriction of access to plaintiff's lot. By this evidence, defendants showed that essential elements of plaintiff's claim, restriction of access and damage to the value of the property, were non-existent.

At this point, the burden shifted to plaintiff to show the existence of a genuine issue of material fact or to provide an excuse for not so doing. We must determine whether, in the face of defendants' successful showing on their summary judgment motion, plaintiff set forth specific facts showing that there existed a triable issue of fact as required by Rule 56(e) or whether he merely rested on his pleadings. In other words, we must determine whether plaintiff took affirmative steps sufficient to defend his position by proof of his own.

We conclude that plaintiff failed to comply with the response requirements of Rule 56(e). Plaintiff did file a verified affidavit to support his unverified complaint. However, it merely repeated the essential allegations of his complaint, *i.e.*, that access to his lot had been restricted and the value of his lot had been impaired. It added nothing to his complaint. It gave no *specific facts* which indicated in what manner the driveway interfered with plaintiff's access to his lot. The surveys submitted by plaintiff also failed to reveal any obstruction to plaintiff's lot by the driveway. Indeed, they revealed that plaintiff had full and free access to his lot across the portion of the cul-de-sac unaffected by the driveway and, as Judge Hedrick concluded, it appears from the exhibits that plaintiff's access to his lot has been enhanced by construction of defendant's driveway.

In a word, plaintiff has failed to present any *specific facts* to show how the driveway has interfered with use of his easement or how it has impaired the value of his property; his allegations are merely conclusory. "Rule 56(e) clearly precludes any party from prevailing against a motion for summary judgment through reliance on such conclusory allegations unsupported by facts." *Nasco Equipment Co. v. Mason*, 291 N.C. at 152, 229 S.E. 2d at 283; *see also Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 242 S.E. 2d 785 (1978).

Lowe v. Bradford

We finally address plaintiff's contention that the opinion testimony of the two realtors was improperly considered by the trial court in ruling on defendants' motion for summary judgment. Consideration of these affidavits was clearly proper. One with knowledge of value gained from experience, information and observation may give an opinion on the value of specific real property. 1 *Stansbury's North Carolina Evidence* § 128 (Brandis Rev. 1973). Rule 56(e) provides in pertinent part that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." The affidavits of the realtors fully complied with the rule. Each affidavit stated, *inter alia*, that the affiant was a realtor and had been for a stated number of years, that his work was in Davidson County, that he had personally viewed the property in question including the disputed driveway, and that no damage had been done to the fair market value of plaintiff's lot. Each affiant then gave his opinion that the fair market value of plaintiff's lot was between nine and ten thousand dollars. This opinion testimony was properly admitted at the summary judgment hearing.

In summary, plaintiff has failed adequately to support his conclusory allegations by the specific factual showing required to oppose defendants' affidavits under Rule 56. There are, therefore, no genuine issues of "material fact" to be found in this record and the trial court properly granted summary judgment for defendants. The decision of the Court of Appeals is reversed and this cause is remanded to that court with instructions to remand to the Superior Court, Davidson County, for reinstatement of the trial court order of 15 October 1980 entering summary judgment for defendants.

Reversed and remanded.