BRENDA PRUETT COX v. JAMES A. COX

No. 8417DC942

(Filed 18 June 1984)

**Divorce and Alimony § 30 — equitable distribution — summary judgment based on prior separation agreement improper — issues of coercion and ratification**

The trial court should not have granted summary judgment for defendant husband in an action for equitable distribution where defendant asserted a prior divorce judgment and separation agreement in bar of plaintiff's action and plaintiff alleged in an affidavit that she had been coerced and forced into signing the separation agreement, that defendant had threatened her physically prior to their separation, that defendant had a violent temper, that defendant had threatened to physically harm her if she did not sign the separation agreement, and that plaintiff signed the separation agreement knowing her husband's temper and fearing for her life. Plaintiff's affidavit raised triable issues of fact as to whether the separation agreement was signed by plaintiff under duress and, if so, whether it was ratified by plaintiff.

APPEAL by plaintiff from *Clark, Judge.* Judgment entered 12 July 1984 in District Court, SURRY County. Heard in the Court of Appeals 17 April 1985.

Plaintiff filed this action on 22 March 1984 seeking an absolute divorce and an equitable distribution of marital property. Defendant filed an answer in which he pled in bar of equitable distribution a separation agreement entered into by the parties on 15 February 1983. Defendant obtained an absolute divorce in another county on 24 April 1984. He then filed a motion for summary judgment in the present action on 15 May 1984 asserting the divorce judgment and separation agreement in bar of plaintiff's action. Plaintiff filed an affidavit in response to defendant's motion in which she alleged she signed the separation agreement under duress. Based upon the pleadings and affidavits, the court granted defendant's motion for summary judgment. Plaintiff appeals.

*Everett & Everett, by James A. Everett, for plaintiff appellant.*

*Morrow and Reavis, by John F. Morrow and Clifton R. Long, Jr., for defendant appellee.*

JOHNSON, Judge.

The sole issue is whether the court erred in granting summary judgment for defendant. For the following reasons we hold the trial court did err in granting summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). An issue of material fact is one which may constitute a legal defense or is of such a nature as to affect the result of the action or is so essential that the party against whom it is resolved may not prevail; an issue is genuine if it can be supported by substantial evidence. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). A party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). If the moving party meets its burden, the burden then shifts to the opposing party to set forth specific facts, through affidavits or otherwise, showing that there is a genuine issue for trial. G.S. 1A-1, Rule 56(e). The opposing party need not convince

Cox v. Cox

the trial court that he would prevail on the issue but only that a genuine issue exists. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982). In ruling upon the motion, the court must closely scrutinize the movant's papers while indulgently treating the nonmovant's papers. *Zimmerman v. Hogg & Allen, supra.*

In the present case, defendant, as the party moving for summary judgment, carried his burden of proof through his affidavit accompanied by the divorce judgment and the separation agreement signed by plaintiff. The burden then shifted to plaintiff to show a genuine issue of material fact for trial. She produced an affidavit in which she averred that she had been coerced and forced into signing the separation agreement by defendant; that defendant had threatened her physically on several occasions prior to their separation, causing her to leave the marital home, once late at night, to avoid physical injury to herself; that defendant had a violent temper and had exhibited this violent temper on several occasions; that defendant had threatened to physically harm her if she did not sign the separation agreement; that these threats were made on the date the separation agreement was executed and prior thereto; and that fearing for her life, knowing her husband's temper, she signed the separation agreement. If plaintiff executed the separation agreement under duress or fear induced by wrongful acts or threats, the separation agreement is invalid and not a bar to equitable distribution unless the separation agreement was ratified by plaintiff. *See Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971). Plaintiff's affidavit, therefore, raises triable issues of fact as to whether the separation agreement was signed by plaintiff under duress, and if so, whether it was ratified by plaintiff. Since plaintiff's affidavit raises a genuine issue of material fact as to the validity of the separation agreement asserted in bar of the action for equitable distribution, the court improvidently granted defendant's motion for summary judgment. The court's judgment must be vacated and the cause remanded for a resolution of the factual issue.

Vacated and remanded.

Judges WHICHARD and EAGLES concur.