THOMAS KEITH GIBSON AND WIFE, ELIZABETH BROOKSHIRE GIBSON, PLAINTIFFS v. RUSSELL B. HUNSBERGER AND WIFE, JEANNETTE B. HUNSBERGER, DEFENDANTS

No. 9129SC1294

(Filed 20 April 1993)

### Negligence § 46 (NCI4th)— leaning tree—duty of landowner—no actual or constructive notice shown

A landowner has a duty to exercise reasonable care regarding natural conditions on his land which lies adjacent to a public highway in order to prevent harm to travelers using the highway, but a landowner is subject to liability only if he had actual or constructive notice of a dangerous natural condition; therefore, the trial court properly granted defendants' motion for summary judgment in a negligence action arising out of an automobile accident which occurred when

plaintiff hit a tree which had fallen from defendants' property across the road, since defendants were absentee landowners and thus had no actual notice, and since there was no evidence in the record from which constructive notice could be found in that the tree was leaning but appeared to be healthy and sound, and no one who observed the leaning tree prior to its fall thought it necessary to report the tree to the sheriff's department or DOT.

**Am Jur 2d, Premises Liability §§ 480 et seq.**

Appeal by plaintiffs from order entered 4 October 1991 by Judge John M. Gardner in McDowell County Superior Court. Heard in the Court of Appeals 7 December 1992.

Plaintiffs filed this action alleging negligence and defendants moved for summary judgment. The trial court granted defendants' motion. From this order plaintiffs appeal.

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by Robert C. Ervin, for plaintiff appellants.*

*Mitchell, Blackwell & Mitchell, P.A., by Marcus W. H. Mitchell, Jr. and Keith W. Rigsbee, for defendant appellees.*

ARNOLD, Judge.

The issue here is whether summary judgment for defendants was proper. Summary judgment is proper when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56; *Lowe v. Bradford*, 305 N.C. 366, 368-69, 289 S.E.2d 363, 365-66 (1982). "The evidence presented must be viewed in the light most favorable to the non-movant." *Surrette v. Duke Power Co.*, 78 N.C. App. 647, 650, 338 S.E.2d 129, 131 (1986).

Here the forecast of evidence showed as follows: In the early morning hours of 15 February 1989, plaintiff Thomas Keith Gibson was driving along Old Fort-Sugar Hill Road, a rural paved road in McDowell County, when he hit a tree, causing him severe injuries. The tree had fallen from defendants' property and was suspended approximately four feet above the road on a telephone line located on the opposite side of the road. The limbs of the tree extended downward from the trunk, blocking both lanes of the road. Prior to the accident no one had reported to the McDowell County Sheriff's Department that a tree had fallen into the road.

Therefore, it most likely fell sometime the night before or the morning of the accident. The area where the accident occurred was rural and densely wooded, and leaning trees were common.

The tree that fell was a living Virginia Pine, an evergreen which grows tall and slender, with green needles. It was healthy and sound; it did not show any signs of rot, disease or decay even after its fall. The base of the tree was located forty-six feet from the center of the road. Before it fell, the top of the tree was leaning between a fork at the top of another tree which was an estimated twenty feet away from the leaning tree and approximately twenty to twenty-five feet back from the tree line along the road.

A forestry expert testified at his deposition as follows: Virginia Pines have a shallow root system, i.e. horizontal roots that are not very deep into the soil. Consequently, they have a tendency to "tilt over." The healthier the tree, the more apt it is to fall over because the "crown" is heavier. A healthy tree may have four times more needles than a sick tree and the root system of a healthy tree may not be able to hold the tree, especially if the ground is moist or there is a wind. A Virginia Pine could be loose in the ground for a year, but one would never know that by looking at it. The forestry expert further testified that, in his opinion, the tree in this case fell because (1) it was healthy and had a heavy crown, and (2) the ground was moist and contained gravel.

The defendants were residents of Collegeville, Pennsylvania. They purchased the 469-acre wooded tract from which the tree fell in 1942. Prior to the accident, they had visited the property only approximately three times, the last visit being in 1974. The property was heavily wooded and was in its natural, undeveloped state. No tree had fallen from their land into the road during the entire forty-seven years defendants owned the property. Moreover, defendants never received any report, prior to the accident, that any trees on their property were leaning.

A district engineer for the North Carolina Department of Transportation testified at his deposition that "many, many, many" trees were leaning along the highways in McDowell County and a number of them could potentially fall into the road. Also, after the accident, he reviewed Old Fort-Sugar Hill Road and found (1) "many, many, many trees that potentially could fall on the road," and (2) some leaning trees nevertheless appeared to be "solid." The

engineer also testified that preventing trees from falling into the road is not simply a matter of removing trees leaning toward the road that appear to be dead — a healthy tree could also fall into the road. In addition, he testified that prior to the accident the Department of Transportation never received any report of a dangerous situation or a problem with a leaning tree in the area where the accident occurred.

A school bus driver who came upon the scene of the accident testified at her deposition that she traveled this road four times each school day and she noticed that the tree that fell was leaning towards the road several months prior to the accident. The driver also testified that she did not remember filing a written report with anyone concerning the tree.

A Duke Power Company line technician who was dispatched to the scene following the accident testified at his deposition that, on several occasions approximately six to eight weeks prior to the accident, he noticed that the tree that fell was leaning towards the road. On each occasion, the tree was in the same position. He testified that he noticed the tree because while he is driving he typically looks toward the trees and power lines to spot leaning trees that could possibly fall onto the power lines. He concluded that it was not necessary to report this leaning tree to the Sheriff's Department because he believed it would remain where it was "for quite a while." He also testified that "we see so many trees and stuff leaning over a period of time that if we called in every tree we saw leaning, that would probably be about a full-time job."

Although the school bus driver and the Duke Power line technician testified that the tree was leaning prior to the accident, they also testified that the tree was not leaning out over the road. Indeed, all of the testimony in the record which addresses this point uniformly indicates that the tree was not leaning out over the road.

Section 363(1) of the Restatement of the Law of Torts 2d sets forth the general rule that a possessor of land is not liable "for physical harm caused to others outside of the land by a natural condition of the land." As an exception to this general rule, Section 363(2) of the Restatement specifically provides that "a possessor of land in an urban area is subject to liability to persons using a public highway for physical harm . . . arising from the condition of trees on the land near the highway." In addition, Section 840(2)

**GIBSON v. HUNSBERGER**

[109 N.C. App. 671 (1993)]

of the Restatement provides that "[a] possessor of land who knows or has reason to know that a public nuisance caused by natural conditions exists on his land near a public highway, is subject to liability for failure to exercise reasonable care to prevent an unreasonable risk of harm to persons using the highway." In other words, a landowner's liability for harm caused by natural conditions on his property near a public highway is determined by ordinary negligence principles.

> There is no duty to inspect for the purpose of discovering a dangerous natural condition. But if the possessor knows of the condition or has reason to know of it . . ., he does have a duty to act reasonably in regard to its removal. It is in connection with the reason to know of the condition that the distinction between urban and rural areas becomes significant. The size and condition of the possessor's tract of land, the nature of the highway and whether the possessor lives on the land or frequently travels the highway are all pertinent to the decision.

*Id.*, Comment C.

We adopt the foregoing analysis and hold that a landowner has a duty to exercise reasonable care regarding natural conditions on his land which lies adjacent to a public highway in order to prevent harm to travelers using the highway. A landowner is subject to liability only if he had actual or constructive notice of a dangerous natural condition.

To impose a liability upon defendant landowners, plaintiffs had to prove not only that the tree constituted a dangerous condition to the travelers of the adjacent public road, but that the landowners had actual or constructive notice of the dangerous condition. Plaintiffs do not contend that defendants had actual notice. Defendants were absentee landowners.

Moreover, there is no evidence in the record from which constructive notice could be found. The tree was leaning but this was common in the area and the tree appeared to be healthy and sound. The tree was not leaning out over the road. It was not readily observable that the tree would fall into the road. Not one of the witnesses who observed the tree prior to its fall thought it was necessary to report the leaning tree to the Sheriff's Department or the Department of Transportation. None of this evidence

would have put a reasonable landowner on notice that a dangerous condition existed.

Viewing the foregoing evidence in the light most favorable to plaintiffs, we hold as a matter of law that defendants did not have actual or constructive notice of the dangerous condition of the tree. Accordingly, we affirm summary judgment for defendants.

Affirmed.

Judges JOHNSON and ORR concur.