MARK A. WARD, Plaintiff v. KANTAR OPERATIONS, Defendant

No. COA10-828

(Filed 1 February 2011)

**Telecommunications— national do-not-call registry—telemarketer**

> The trial court did not err by granting defendant's motion for summary judgment on plaintiff's claims that defendant violated certain provisions of the Telemarketing Sales Rule promulgated by the Federal Trade Commission regarding the national "do-not-call" registry. Defendant satisfied its burden of producing sufficient evidence showing that it was not a telemarketer, and plaintiff failed to respond with a forecast of specific facts to show otherwise.

Appeal by plaintiff from order entered 9 April 2010 by Judge Chester C. Davis in Forsyth County District Court. Heard in the Court of Appeals 15 December 2010.

*Mark A. Ward, pro se, plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Jang H. Jo, for defendant-appellee.*

HUNTER, Robert C., Judge.

Plaintiff Mark A. Ward appeals from the trial court's order granting defendant Kantar Operations' motion for summary judgment on plaintiff's claims that defendant violated certain provisions of the Telemarketing Sales Rule ("TSR"), promulgated by the Federal Trade Commission ("FTC"). Plaintiff argues on appeal that summary judgment is improper in this case due to a "genuine question of material fact as to whether [defendant] is in fact a telemarketer and whether [defendant] engaged in telemarketing thereby subjecting [defendant] to the Telemarketing Sales Rule." We conclude, however, that defendant, as the party moving for summary judgment, satisfied its burden of producing sufficient evidence showing that it is not a telemarketer and that plaintiff, as the party opposing the motion, failed to respond with a forecast of specific facts creating a genuine issue for trial with respect to whether defendant is a telemarketer. Accordingly, we affirm.

## Facts

On 23 March 2009, plaintiff filed a complaint alleging that "[d]espite Plaintiff's telephone number being in the FTC's Do Not Call Registry database, Defendant contacted Plaintiff by telephone" on four separate occasions between 10 March and 20 March 2009. Plaintiff also alleged that during each of these phone calls, "Defendant failed to connect the call to a Representative within two seconds after Plaintiff completed his greeting . . . ." Plaintiff alleged that defendant's conduct violated the national "do-not-call" registry provision and the call-abandonment provision of the TSR. Plaintiff requested general as well as punitive damages, interest, and costs.

Defendant filed a motion for summary judgment on 24 February 2010, asserting that it was not a "telemarketer" as defined by the TSR and thus was not subject to the regulation's restrictions. Plaintiff cross-moved for summary judgment, arguing that the "undisputed facts" established that defendant was a telemarketer under federal law and that he was entitled to judgment as a matter of law. After conducting a hearing on the parties' motions, the trial court entered an order on 9 April 2010 granting defendant's motion for summary judgment and denying plaintiff's. Plaintiff timely appealed to this Court.

## Discussion

Plaintiff contends that the trial court erred in entering summary judgment in favor of defendant. Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c); *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). "An issue is 'genuine' if it can be proven by substantial evidence and a fact is 'material' if it would constitute or irrevocably establish any material element of a claim or a defense." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982). The moving party has the burden of demonstrating the lack of any genuine issue of material fact and entitlement to judgment as a matter of law. *Garner v. Rentenbach Constructors, Inc.*, 350 N.C. 567, 572, 515 S.E.2d 438, 441 (1999). To that end, the evidence produced by the parties is viewed in the light most favorable to the non-moving party. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000). A trial court's ruling on a motion for summary judgment is reviewed de novo as the trial court resolves only questions of law. *Va. Elec. and Power Co. v. Tillett*, 80 N.C. App.

383, 385, 343 S.E.2d 188, 191, *cert. denied,* 317 N.C. 715, 347 S.E.2d 457 (1986).

When the moving party, through its forecast of evidence, satisfies its burden of establishing that there are no disputed issues of material fact for trial and that the moving party is entitled to judgment as a matter of law, "the burden shifts to the non-moving party to 'set forth specific facts showing that there is a genuine issue for trial.' " *Lowe,* 305 N.C. at 369-70, 289 S.E.2d at 366 (quoting N.C. R. Civ. P. 56(e)) (emphasis omitted). The non-moving party "must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case." *Econo-Travel Motor Hotel Corp.· v. Taylor,* 301 N.C. 200, 204, 271 S.E.2d 54, 57 (1980).

Plaintiff contends that his forecast of evidence is sufficient to establish a violation of the national "do-not-call" registry and call-abandonment provisions of the TSR, 16 C.F.R. §§ 310.1 to 310.9, adopted by the FTC pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 to 6108. Congress enacted the Telemarketing Act in 1994, "instruct[ing] the FTC to 'prescribe rules prohibiting deceptive . . . and . . . abusive telemarketing acts or practices.' " *Nat'l Fed'n of the Blind v. FTC,* 420 F.3d 331, 334 (4th Cir. 2005) (quoting 15 U.S.C. § 6102(a)(1)) (second alteration added), *cert. denied,* 547 U.S. 1128, 164 L. Ed. 2d 779 (2006). Congress specifically "directed the FTC to forbid 'unsolicited telephone calls which the reasonable consumer would consider coercive or abusive of such consumer's right to privacy,' to restrict 'the hours of the day and night when unsolicited telephone calls can be made,' and to require that callers disclose information about the nature and purpose of the call." *Id.* (quoting 15 U.S.C. § 6102(a)(3)).

In response to Congress' directives, the FTC adopted the original TSR in 1995. The current TSR—most recently amended in 2010, *see* 75 Fed. Reg. 8458-01 (August 10, 2010)—includes the national "do-not-call" registry provision, 16 C.F.R. § 310.4(b)(1)(iii)(B), and the call-abandonment provision, 16 C.F.R. § 310.4(b)(1)(iv). Pertinent to this appeal, the Telemarketing Act authorizes a private cause of action by "[a]ny person adversely affected by any pattern or practice of telemarketing" that violates the TSR. 15 U.S.C. § 6104(a); *accord 800-JR Cigar, Inc. v. GoTo.com, Inc.,* 437 F. Supp. 2d 273, 296 (D.N.J. 2006) ("[T]he Telemarketing Act . . . states that those persons who are 'adversely affected' are authorized to bring a civil action against a deceptive telemarketer.").

The national "do-not-call" registry provision of the TSR provides in pertinent part:

> (1) It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in, the following conduct:
>
> . . . .
>
> (iii) Initiating any outbound telephone call to a person when:
>
> . . . .
>
> > (B) that person's telephone number is on the "do-not-call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services
>
> . . . .

16 C.F.R. § 310.4(b)(1)(iii)(B). The call-abandonment provision similarly provides:

> (1) It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in, the following conduct:
>
> . . . .
>
> > (iv) Abandoning any outbound telephone call. An outbound telephone call is "abandoned" under this section if a person answers it and the telemarketer does not connect the call to a sales representative within two (2) seconds of the person's completed greeting.

16 C.F.R. § 310.4(b)(1)(iv). As the language of both provisions indicate, they apply only to "telemarketers," which the TSR defines as "any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor." 16 C.F.R. § 310.2(cc). "Telemarketing," in turn, is defined as "a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call." 16 C.F.R. § 310.2(dd).

The crux of this appeal is whether defendant, who admittedly "initiated" telephone calls to plaintiff, is a "telemarketer" as defined by the TSR. Plaintiff claims that defendant, as the party moving for

WARD v. KANTAR OPERATIONS

[209 N.C. App. 448 (2011)]

summary judgment, "failed to present to the trial court any verifiable material evidence that [defendant] [i]s in fact *not* a telemarketer as defined by the . . . Telemarketing Sales Rule." Defendant moved for summary judgment relying primarily on the affidavit of its Chief Executive Officer, Beth Teehan, in which she testified that "[defendant] is a national survey research organization and not a telemarketing company"; that "[defendant] collects data . . . by conducting survey research by contacting persons by telephone only to ask for their opinions"; that "[w]hen [defendant] conducts survey research by telephone, [defendant] does not call to provide, offer to provide, or arrange for others to provide goods or services to the person called in exchange for consideration, and [defendant] does not solicit or induce the purchase of any goods or services or a charitable contribution"; and that "[defendant] is a member in good standing of the Council of American Survey Research Organizations," the "national association of survey research businesses," whose "objective is to promote the integrity of survey research through standards, guidelines and best practices."

Defendant also submitted as exhibits a copy of its "Application for Membership" to the Council of American Survey Research Organizations as well as documents from its corporate website in which it identifies itself as a "national survey research organization." Defendant also included a "help sheet" titled "Who Are We?," which instructs its employees to explain to a caller, when the caller states that his or her telephone number is listed on the do-not-call registry, that "the National Do Not Call Legislation was passed to regulate the activities of the telemarketing industry"; that "[a]ccording to the National Do Not Call legislation, legitimate opinion surveys are permissible"; and that "[defendant] is a legitimate opinion research company and . . . never tr[ies] to sell . . . anything." Defendant's forecast of evidence—the verified affidavit from its CEO in which she states that defendant is not a telemarketing company, proof of the company's membership in a national association for survey research organizations, and internal corporate documentation providing instructions to its employees on how to explain to callers that the company is not required to comply with the national do-not-call registry provision of the TSR because it is a "legitimate opinion research company"—is sufficient to establish that defendant is not a telemarketer, thus shifting the burden to plaintiff under N.C. R. Civ. P. 56(e) to "set forth specific facts" showing that defendant is a telemarketer.

In his affidavit, plaintiff does not provide any specific facts that create a triable issue as to whether defendant is a telemarketer. Plaintiff simply reiterates in a conclusory manner the allegations in his complaint that defendant violated the do-not-call registry provision and the call-abandonment provision of the TSR without forecasting any evidence that defendant's calls were to induce the purchase of goods or services or a charitable contribution. *See Lowe*, 305 N.C. at 370, 289 S.E.2d at 366 ("[S]ubsection (e) of Rule 56 precludes any party from prevailing against a motion for summary judgment through reliance on conclusory allegations unsupported by facts." (emphasis omitted)); *Midulla v. Howard A. Cain, Inc.*, 133 N.C. App. 306, 309, 515 S.E.2d 244, 246 (1999) ("It is well-established that conclusory statements standing alone cannot withstand a motion for summary judgment.").

Plaintiff also states in his affidavit that "[he] was informed that [defendant] is not registered with the Illinois Attorney General Office's Charitable Trust Bureau and [defendant] does not possess any permit to be a survey company and to operate as such in the State of Illinois." It is well-established, however, that "[h]earsay matters included in affidavits should not be considered by a trial court in entertaining a party's motion for summary judgment." *Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 776 (1998). As plaintiff's statement regarding defendant's status in Illinois is hearsay, *see* N.C. R. Evid. 801(c), and plaintiff does not argue that the statement falls within any exception to the general rule prohibiting hearsay, *see* N.C. R. Evid. 802, plaintiff's statement cannot form the basis for rebutting defendant's showing that it is not a telemarketer under the TSR. As plaintiff fails to point to any other evidence that would establish a triable issue of fact as to whether defendant is a telemarketer, we conclude that the trial court properly granted summary judgment in favor of defendant.

Affirmed.

Judges CALABRIA and ELMORE concur.