An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1073

Filed 17 September 2025

Wake County, No. 22CVS006041-910

LEILEI ZHANG, Plaintiff,

v.

WEN ZHANG, Defendant.

Appeal by Plaintiff from Order entered 9 July 2024 by Judge G. Bryan Collins in Wake County Superior Court. Heard in the Court of Appeals 10 June 2025.

*Leilei Zhang, pro se Plaintiff-Appellant.*

*No brief filed for Defendant-Appellee.*

HAMPSON, Judge.

**Factual and Procedural Background**

Leilei Zhang (Plaintiff) appeals from an Order dismissing her claim for Breach of Contract and granting Wen Zhang's (Defendant) Motion for Summary Judgment, Motion to Strike, and Motion for Sanctions. The Record before us tends to reflect the following:

Plaintiff and Defendant are married but separated. The parties executed a Separation Agreement on 13 August 2021. The Separation Agreement contains

specific provisions outlining the parties' financial obligations to the other and also details how the parties are to share custody of their minor daughter.

On 18 May 2022, Plaintiff filed a Complaint alleging Defendant was preventing their daughter from visiting her in violation of the Separation Agreement. On 16 December 2022, Defendant filed an Amended Answer[1] and a Motion for Leave to File Counterclaim; Defendant attached the proposed Counterclaim as an exhibit. Although Defendant had not yet filed his Counterclaim, Plaintiff proceeded to file a Response to the Counterclaim on 18 January 2023. On 24 January 2023, Defendant filed his Counterclaim, alleging claims for Breach of Contract, Conversion, Specific Performance, and Attorney Fees and Costs. On 7 February 2023, Plaintiff filed another Response denying the allegations in Defendant's Counterclaim.

On 22 September 2023, Defendant filed a Motion for Sanctions and a Motion to Strike certain exhibits Plaintiff had filed. On 5 October 2023, the trial court entered a Gatekeeper Order against Plaintiff in a different matter. On 17 November 2023, Defendant filed a Motion for Summary Judgment and Motion for Gatekeeper Order. On 15 December 2023, Plaintiff filed cross-motions for Summary Judgment; Sanctions; and to Dismiss Defendant's Counterclaim, Motion for Summary Judgment, and Motion for Gatekeeper Order.

---

[1] Defendant's first answer is not included in the Record.

A hearing on Defendant's Motions was held on 16 January 2024. On 9 July 2024, the trial court entered an Order granting summary judgment for Defendant on his claims for Breach of Contract, Conversion, and Attorney Fees and Costs; granting Defendant's Motion to Strike and Motion for Sanctions; and ordering Plaintiff to pay $141,367.36 to Defendant, as well as $20,707.07 in attorney fees. The trial court ordered "A Gatekeeper Order is granted, such that Plaintiff . . . shall not file any more lawsuits or pleadings against [Defendant], his attorney . . . or any other parties, without a sworn Rule 11 certification by a licensed North Carolina lawyer averring that such pleading(s) are grounded in law." That same day, Plaintiff timely filed Notice of Appeal.

## Issues

The issues on appeal are whether the trial court: (I) erred in granting Defendant's Motion for Summary Judgment; and (II) abused its discretion by entering a Gatekeeper Order against Plaintiff.

## Analysis

### I. Motion for Summary Judgment

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023). "A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citation omitted). "If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so." *Id.* (citations omitted). "The non-moving party 'may not rest upon the mere allegations of his pleadings.' " *Id.* at 370, 289 S.E.2d at 366 (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e)).

Plaintiff argues the trial court erred in granting summary judgment for Defendant on his claims for Breach of Contract and Conversion because "Defendant failed to meet the burden of proof that an essential element of the opposing party's claim is non-existent, or by showing through discovery that [the] opposing party cannot produce evidence to support an essential element of her claim." We disagree.

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 210, 646 S.E.2d 550, 554 (2007) (quotation marks and citation

omitted).  In the case *sub judice*, the Separation Agreement contains the following relevant provisions:

> (5) Unless otherwise provided herein, neither party shall hereafter charge or cause or permit to be charged to or against the other any purchase which either of them may hereafter make, and shall not hereafter create any obligations in the name of or against the other and shall never hereafter secure or attempt to secure any credit upon or in connection with the other, or in his or her name; and each of them will promptly pay all debts and discharge all financial obligations which each may incur for himself or herself and will hereafter hold the other free and harmless and indemnify the other from any and all subsequent debts, obligations or liabilities which each may incur or sustain.
>
> . . . .
>
> (14(E)) . . . Each party shall be responsible for any taxes or penalties due to withdrawing his/her own retirement funds.

The Record shows Plaintiff incurred $5,325.36 in charges on a credit card in Defendant's name and incurred a tax bill of $134,583.00 after withdrawing her retirement funds—which Defendant paid because Plaintiff refused.  Additionally, as to Defendant's claim for Conversion, the Record shows Plaintiff deposited into her own bank account a check addressed to Defendant in the amount of $1,459.00.  *See Bartlett Milling Co., L.P. v. Walnut Grove Auction and Realty Co., Inc.*, 192 N.C. App. 74, 86, 665 S.E.2d 478, 489 (2008) ("[T]wo essential elements are necessary in a claim for conversion: (1) ownership in the plaintiff, and (2) a wrongful conversion by the defendant." (citation omitted)).  Plaintiff has produced no evidence to the contrary.  Thus, there was no genuine issue of material fact as to Defendant's claims for Breach

of Contract and Conversion. Therefore, the trial court properly granted Defendant's Motion for Summary Judgment.

II.    Gatekeeper Order

"When reviewing the decision of a trial court to impose sanctions under Rule 11, an appellate court must determine whether the findings of fact of the trial court are supported by sufficient evidence, whether the conclusions of law are supported by the findings of fact, and whether the conclusions of law support the judgment." *Johns v. Johns*, 195 N.C. App. 201, 206, 672 S.E.2d 34, 38 (2009) (citing *Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)). "[I]n reviewing the appropriateness of the particular sanction imposed, an 'abuse of discretion' standard is proper[.]" *Turner*, 325 N.C. at 165, 381 S.E.2d at 714 (citations omitted).

Plaintiff argues the trial court "abused its discretion in granting Defendant-Appellee's" Motion for Sanctions and entering a Gatekeeper Order because "There is no basis upon which to grant a Rule 11 Motion." Here, the trial court concluded: "Sanctions against Plaintiff and a gatekeeper order pertaining to Defendant Wen Zhang, his attorney, and any other party is appropriate and justified due to the Plaintiff's multiple years of ungrounded court filings, threats, procedural violations, and abuse of the legal system." In support of this Conclusion, the trial court made the following unconstested Findings of Fact:

> 16. On June 10, 2023, Plaintiff improperly filed a document titled "Exhibits Supporting Complaint," adding more allegations against Defendant and making allegations against his attorney,

in violation of the N.C. Rules of Civil Procedure. Plaintiff filed the same document repeatedly in October 2023. Plaintiff also improperly filed more documents after the January 16, 2024 hearing.

17. In addition to Wake County File No. 21 CVS 6076 filed against the Defendant, Plaintiff filed a custody lawsuit against him, pro se, in the June 2022, File No. 22 CVD 6742. District Court Judge Julie L. Bell denied Plaintiff's request for emergency custody. Plaintiff then voluntarily dismissed her custody lawsuit in August 2022, after causing Defendant to incur more legal costs.

18. In May 2023, Plaintiff filed suit, pro se, for the third time against her former neighbor, Preston Sutton. Her previous lawsuits against him in federal and superior court were already dismissed. In her most recent pro se lawsuit against Mr. Sutton, 23CV011754-910, she also sued Officer Benjamin Spell, a Cary police officer who came to investigate after Plaintiff left broken glass in Mr. Sutton's driveway in 2020.

19. In August 2023, Plaintiff, pro se, filed a lawsuit against the parties' daughter's school, Cary Academy, 23CV024034-910, alleging "violation of parental rights" and "aiding and abetting." That lawsuit has been dismissed.

20. Plaintiff sent a constant barrage of emails to Defendant and his attorney demanding money.

21. On August 29, 2023, Plaintiff stated in an email, "I will never leave him alone and more suits against him until he obeys the contract. You need to tell him to send me the money NOW!"

22. On September 1, 2023, the Court of Appeals dismissed Plaintiff's appeal/petition for certiorari, because "Plaintiff-Appellant's Brief does not contain any allegations that the trial court's order affects a substantial right."

23. On or about October 5, 2023, in Plaintiff's lawsuit against Preston Sutton and Officer Spell, Judge Vince M. Rozier, Jr. Granted both defendants' motions to dismiss and granted a motion for a gatekeeper order in Wake County File No. 23 CVS

11754. Judge Rozier's Gatekeeper Order states, *inter alia*, that Plaintiff cannot file more lawsuits or pleadings against the defendants or their attorneys without a Rule 11 certification from a licensed North Carolina attorney. Plaintiff then appealed that decision without including a Rule 11 certification.

24. Due to Plaintiff's history of constantly filing frivolous pro se actions and pleadings, disregard for court rules, constant threats against Defendant and his attorney, and stated intent of never stopping her harassment of Defendant, a gatekeeper order pertaining to Defendant Wen Zhang and his attorney is appropriate and justified.

25. In Plaintiff's responses to discovery from Defendant, Plaintiff provided nothing other than handwritten responses. Plaintiff merely referred back to her previously filed documents, answering, "See complaint & supplements/exhibits in support of complaint," when asked to describe any and all evidence she has and any and all financial damages she alleges to have suffered due to Defendant's alleged actions. No additional evidence or documents were produced.

26. Plaintiff has no proof to support her claims, other than self-serving, conclusory allegations against Defendant and legally irrelevant complaints.

These Findings are unchallenged by Plaintiff and, consequently, binding on appeal. *See Klein v. Klein*, 290 N.C. App. 570, 577, 892 S.E.2d 894, 903 (2023) (" 'The trial court's unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal.' " (quoting *Peltzer v. Peltzer*, 222 N.C. App. 784, 787, 732 S.E.2d 357, 360 (2012))).

The trial court's Findings indicate Plaintiff repeatedly failed to comply with rules of procedure and filed frivolous actions and pleadings with an apparent purpose

of harassing Defendant and other individuals.[2]  Thus, the Findings support the trial court's Conclusion that Plaintiff's "abuse of the legal system[ ]" warranted entering sanctions against her.  Therefore, the trial court did not abuse its discretion in entering a Gatekeeper Order against Plaintiff.  *See State v. Blake*, 275 N.C. App. 699, 714, 853 S.E.2d 838, 848 (2020) ("Gatekeeper orders are normally entered only where a defendant has previously asserted numerous frivolous claims." (citation omitted)).  Consequently, we affirm the trial court's Order.

## Conclusion

Accordingly, for the foregoing reasons, we affirm the trial court's Order.


AFFIRMED.

Judges STROUD and GORE concur.

Report per Rule 30(e).

---

[2] Moreover, in this Court, Plaintiff did not properly space her brief; include a table of authorities; or present a non-argumentative statement of the facts.  *See* N.C.R. App. P. 26(g)(1) (2024) (spacing); *id.* 26(g)(2) (table of authorities); *id.* 28(b)(5) (statement of facts).  Although Plaintiff included an "argument" section as required by Rule 28(b)(6), her "arguments" on each issue presented are no more than two sentences each and contain no citations to legal authorities.  We acknowledge Plaintiff's status as a *pro se* appellant; however, "even *pro se* appellants must adhere strictly to the Rules of Appellate Procedure (the Rules) or risk sanctions." *Strauss v. Hunt*, 140 N.C. App. 345, 348-49, 536 S.E.2d 636, 639 (2000) (citing N.C.R. App. P. 25(b) (1999)).  Nonetheless we, in our discretion, decline to impose sanctions for Plaintiff's violations of the Rules.