An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-56

Filed 19 November 2025

Nash County, No. 23 CVD 000857-630

MARINE FEDERAL CREDIT UNION, Plaintiff,

v.

EVELYN ABRAMS BRASWELL, Defendant.

Appeal by Defendant from orders entered 31 October 2023 by Judge Wayne S. Boyette in Nash County District Court. Heard in the Court of Appeals 27 September 2025.

> *Mewborn & DeSelms, Attorneys at Law, by Jonathan Eure & Brett J. DeSelms, for Plaintiff–Appellee.*
>
> *Richard E. Batts, PLLC, by Richard E. Batts, for Defendant–Appellant.*

MURRY, Judge.

Evelyn Abrams Braswell (Defendant) appeals the trial court's multiple motion denials and a summary judgment for Marine Federal Credit Union (Plaintiff). For the reasons below, this Court affirms the trial court.

## I.    Background

On 14 January 2022, Defendant executed an installment-sale contract (Contract) for a used 2015 Ford F-150 pickup truck in Rocky Mount, North Carolina. Plaintiff concurrently agreed to finance the purchase with a $41,443.42 loan. Defendant ceased further repayments after remitting $10,679.50 over the next ten months, at which point Plaintiff initiated repossession proceedings.

On 20 June 2023, Plaintiff served Defendant its initial complaint alleging in relevant part:

> 3. That on or about 14 January 2022, Defendant executed the Contract in Nash County, North Carolina, of which Plaintiff is the holder.
> 4. That Defendant has defaulted under the terms of the Contract by her failure to make the agreed upon monthly payments to Plaintiff.
> 5. That Defendant has neglected and refused to make payments to Plaintiff when the same are due.
> 6. That there is due to Plaintiff the sum of $30,444.71.

(Quotation modified.) As part of this complaint, Plaintiff attached as affidavits "fair and accurate cop[ies] of the Contract" and "Defendant's payment history" up to that point.

On 21 August 2023, Defendant served Plaintiff its answer responding to each of these four relevant allegations without including any supporting affidavit. Her responses that did not outright deny the allegations "neither admitted nor denied them." (Brackets omitted.) On 28 September 2023, Plaintiff served Defendant with a motion for summary judgment that attached an affidavit from its own legal

representative, Heather Saunders. The motion included a related notice of hearing on 31 October 2023. As an affiant, Saunders attested in relevant part:

2. That she has personal knowledge of the complaint.

. . . .

4. That Defendant neglected to and continues to refuse to pay Plaintiff under the Contract.

5. That the total balance reflected on the payment history attached is not the principal balance owed by Defendant due to Plaintiff advancing payment for partial attorneys' fees of $200 and costs of this action of $180.

6. That Defendant currently owes Plaintiff $12,284.27, plus attorneys' fees of $1,842.64.

(Quotation modified.) Saunders also reaffirmed the existence of "the 'Contract'[ ] of which Plaintiff is the holder."

To "prepare for the 31 October 2023 summary judgment hearing" to be held at 9:30 AM that morning, Defendant counsel "interviewed Defendant, drafted her affidavit, and served the same on Plaintiff's counsel"—all on 30 October 2023. (Brackets omitted.) He then filed at 9:22 AM a motion for leave to amend Defendant's answer to Plaintiff's initial complaint with that new affidavit attached. The trial court refused to "grant[ ] . . . leave to amend on the morning that [they] we[re] supposed to have a hearing" based in part on the counsel having attempted the same for "at least the last three sessions in a row." Faced with no supporting documentation for Defendant as a result, the trial court entered summary judgment for Plaintiff. Defendant timely appealed to this Court on 30 November 2023.

## II. Jurisdiction

This Court has jurisdiction to hear Defendant's appeal of the trial court's summary judgment for Plaintiff because it is the "final judgment of a district court in a civil action." N.C.G.S. § 7A-27(b)(2) (2025).

### III.    Analysis

On appeal, Defendant argues that the trial court erred by denying her motions to amend her initial answer to Plaintiff's complaint, to continue the matter beyond the 31 October 2023 hearing, to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction,[1] and to modify *post hoc* its summary judgment for Plaintiff.[2] We review summary judgments and motions to dismiss *de novo*, *Trivette v. Yount*, 366 N.C. 303, 307 (2012), but review motions to continue or amend only for an abuse of discretion, *see Caswell Realty Assocs. I, LP v. Andrews Co.*, 128 N.C. App. 716, 721 (1998). For the reasons below, though, this Court affirms the trial court in all respects.

### A. Amendment

---

[1]    In her brief, Defendant characterizes this particular motion as one "for improper venue." Because she bases this argument on an "amount in controversy" dispute, though, we treat it more accurately as a motion to dismiss for lack of subject-matter jurisdiction. N.C.G.S. § 7A-243 (2025); *see* N.C. R. Civ. P. 12(b)(1), (3). *See generally* N.C.G.S. § 1-83(1)–(4) (authorizing trial court to "change the place of trial in" certain situations).

[2]    Defendant raises this latter argument only in response to the trial court's summary judgment for Plaintiff. Because we affirm the trial court's judgment on its own terms, we decline to specifically address her motions for subsequent relief made under the North Carolina Rules of Civil Procedure. *See* N.C. R. Civ. P. 59(a) (specifying "any of the following causes or grounds" on which "new trial may be granted"); *id.* 60(b)(6) ("[T]he [trial] court may relieve a party from a final judgment for [a]ny reason justifying relief from [its] operation." (ellipses omitted)).

First, Defendant argues that the trial court abused its discretion by denying her motion for leave to amend her initial answer to Plaintiff's complaint. We disagree.

The North Carolina Rules of Civil Procedure permit a defendant to "amend h[er] pleading once as a matter of course at any time before" a plaintiff serves its "responsive pleading." N.C. R. Civ. P. 15(a) [hereinafter Rule]. That defendant can avoid an inadvertent waiver of a meritorious defense or counterclaim so long as she raises them in either "an amendment thereof . . . made as a matter of course" or "in any pleading permitted . . . under Rule 7(a)." *Id.* 12(h)(1)–(2). Absent certain exceptions not relevant here, though, all parties must serve these amendments through "written motion[s] . . . and notice of the[ir] hearing," *id.* 6(d), "at least [ten] days before the time fixed for the hearing," *id.* 56(d). Similarly, the parties must serve "opposing affidavits . . . at least *two* days before the hearing." *Id.* (emphasis added). And although the trial court should "freely give[ ]" leave to amend pleadings "when justice so requires," *id.* 15(a), the Rules still "protect[ ] . . . parties who may be prejudiced by liberal amendment[s]," *Henry v. Deen*, 310 N.C. 75, 82 (1984).

Here, the trial court would have prejudiced Plaintiff had it allowed Defendant to amend her initial complaint for the first time in the hearing itself. Even assuming Plaintiff did not respond per se to the complaint through its summary-judgment motion, Defendant failed to provide adequate notice of her desired amendment by only filing her own motion and related affidavit eight minutes before the hearing's start. *See, e.g.*, *Dickens v. Puryear*, 302 N.C. 437, 441–42 (1981). Defendant could have

amended her complaint at any point "as a matter of course" prior to the 31 October 2023 hearing but did not do so. Rule 15(a). Plaintiff, by contrast, served its own motion well in advance of the minimum ten "days before the time fixed for the hearing." *Id.* 56(c). Because she failed to adhere to *either* of Rule 7's procedural deadlines, this Court affirms the trial court's denial of Defendant's motion for leave to amend her initial complaint.

## B. Continuance

Second, Defendant argues that the trial court abused its discretion by denying her motion to continue the proceedings "for more time to conduct prehearing discovery." We disagree.

A trial court may grant a continuance "only for good cause shown and upon such terms and conditions as justice may require." Rule 40(b). As in an analogous case, Defendant here "did not move to continue the hearing" under either Rules 40 or 56. *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 214 (2003), *aff'd per curiam mem.*, 358 N.C. 131 (2004). She instead "argued for more time at the summary[-]judgment hearing" alone. *Id.* "A trial court does not abuse its discretion when it denies motions to continue a hearing on a motion for summary judgment if a party fails to file and give notice of a motion to continue and submit an affidavit . . . [under] Rule 56(f)." *Id.* Thus, this Court affirms the trial court's denial of Defendant's motion to continue the proceedings beyond the 31 October 2023 hearing.

## C. Dismissal

Third, Defendant argues that the trial court erred by denying her motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction based on the $30,444.71 "amount in controversy." (Quoting N.C.G.S. § 7A-243.) Although Defendant only moved to dismiss this action as part of her denied motion to amend, the motion raises a question of subject-matter jurisdiction that this Court must always address. *See* Rule 12(h)(3). Because the trial court had subject-matter jurisdiction over this controversy either way, though, we disagree with this argument.

This Court must "dismiss the action" "[w]henever it . . . lacks jurisdiction of the subject matter" at issue between the parties at the trial level. *Id.* Outside of probate disputes, state law vests "original general jurisdiction of all justiciable matters of a civil nature . . . concurrently" in both trial divisions of our Judicial Branch. N.C.G.S. § 7A-240. Absent additional facts, a trial court's judgment "in any civil . . . proceeding . . . [of] concurrent original jurisdiction" is not "voidable for the *sole* reason" of improper venue. *Id.* § 7A-242 (emphasis added). As a result, a party may impliedly waive any objection to this mere "case allocation[ ] . . . by fail[ing] to move for transfer within the prescribed time limits." *Stanback v. Stanback*, 287 N.C. 448, 457 (1975) (citing N.C.G.S. §§ 7A-257 to -258 (1969)). Because Defendant failed to timely move for dismissal as part of the amendment process for the procedural reasons discussed above, this Court affirms the trial court's concurrent denial of that motion to dismiss.

### D. Summary Judgment

Fourth, Defendant argues that the trial court erred by granting Plaintiff's motion for summary judgment. We disagree here as well.

A trial court may grant summary judgment if all pretrial discoveries "show . . . no genuine issue as to any material fact and that [either] party is entitled to a judgment as a matter of law."[3] Rule 56(c). A summary-judgment movant may prevail by (1) "[dis]proving an essential element of the opposing party's claim" or (2) "showing through discovery that the opposing party cannot produce evidence to support an essential element." *Lowe v. Bradford*, 305 N.C. 366, 369 (1982). If the movant can meet either prong, then the non-movant "must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so." *Id.* Regardless of this burden-shifting framework, neither party may "rel[y] on conclusory allegations unsupported by facts." *Id.* (emphasis omitted).

Here, Defendant offered only conclusory allegations without any supporting facts for the trial court to consider among the timely filings. In its initial complaint, Plaintiff alleged that Defendant executed a $41,443 installment-sale contract for the Ford F-150, for which she later defaulted after remitting approximately $10,000 in loan repayments to date. Defendant responded with only conclusory denials and disclaimers of all contestable allegations. After attaching the contract itself in its

---

[3]  Defendant failed to adhere to the required pretrial deadlines for the reasons discussed in Section III.A–.C; thus, we only consider the parties' evidence adduced through discovery prior to the hearing.

initial complaint, Plaintiff later buttressed this evidence with Saunders's supporting affidavit based on her "personal knowledge of the complaint." As an affiant, Saunders calculated the amount that "Defendant currently owes . . . Plaintiff . . . plus attorneys' fees . . . [and] costs of th[e] action." When time came for the trial court to summarily judge the filings before it, Defendant could produce no countervailing evidence whatsoever of the complaint's allegations. Thus, this Court affirms the trial court's summary judgment for Plaintiff.

## IV.    Conclusion

For the reasons discussed above, this Court affirms the trial court's denial of Defendant's motions (1) to amend her initial answer to Plaintiff's complaint, (2) to continue the matter through discovery, (3) to dismiss that same complaint for lack of subject-matter jurisdiction, and (4) to modify *post hoc* the summary judgment for Plaintiff.

AFFIRMED.

Judges CARPENTER and GRIFFIN concur.

Report per Rule 30(e).